UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**WINSTON E. HYMAN,**

                      **Plaintiff,**

           **-v-**                                    **9:13-CV-770 (NAM/ATB)**

**COUNTY OF ALBANY,** *et al.*,

                      **Defendant.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Office of Jessica M. Gorman
Jessica M. Gorman, Esq., of counsel
90 State Street, Suite 700
Albany, New York 12207
Attorney for Plaintiff

Albany County Attorney's Office
Adam G. Giangreco, Esq., of counsel
Thomas Marcelle, Esq., of counsel
112 State Street, 10th Floor
Albany, New York 12207
Attorneys for Defendants County of Albany, Albany
County Sheriff's Office, Craig Apple, Thomas Wigger,
Chief Brian Mooney, Christopher B. Abrams, Jarrod M.
Jourdin, Larry Jensen, Joshua W. Collins, Timothy
Francis, Julie Hall, Matthew Corey, Timothy Kehn,
Dennis Galkiewicz, James Sheedy, John Crudo, and
William Fitch

Smith, Sovik Kendrick & Sugnet, P.C.
Daniel R. Ryan, Esq., of counsel
Phillip D. Dysert, Esq., of counsel
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Attorneys for Defendants Christine Moriarty, Patricia
Fraser, S. Azaz Haider-Shah, Correctional Medical Care,
Inc., and Carly Legace

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

                    **MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

In this action pursuant to 42 U.S.C. § 1983, plaintiff alleges that on August 16, 2012, while a pretrial inmate in the custody of Albany County Correctional Facility ("ACCF"), he was brutally assaulted by defendants deputies and corrections officers outside the "bullpen" and subjected to additional mistreatment thereafter. He further claims that he was denied adequate medical care for the resulting injuries and that defendants subsequently retaliated against him for filing grievances.

Presently before the Court is a motion for partial dismissal (Dkt. No. 35) by defendants County of Albany, Albany County Sheriff's Office, Albany County Sheriff Craig Apple, former ACCF Superintendent Thomas Wigger, Deputy Christopher B. Abrams, and all other defendants represented by the Albany County Attorney's Office (collectively, "Albany County defendants"). Movants argue:

1. Plaintiff's claim against Deputy Christopher B. Abrams for excessive use of force should be dismissed for failure to state a claim, or, in the alternative, on the ground of qualified immunity;

2. The claims against Albany County Sheriff Craig Apple and former ACCF Superintendent Thomas Wigger in their individual capacities fail as a matter of law;

3. Albany County Sheriff's Office should be terminated as a defendant in this lawsuit because it is an improper party; and

4. All individual Albany County defendants insofar as they are named in their official capacities should be terminated from this lawsuit as duplicative of Albany County which is also is also named as a defendant.

After this motion was fully briefed, plaintiff filed an amended complaint (Dkt. No. 64). Upon reviewing both pleadings and the arguments on the motion for partial dismissal, the Court

concludes that it may properly consider the motion as directed towards the amended complaint.[1] As set forth below, the Court grants the motion to the extent of dismissing all claims against the Albany County Sheriff's Office and all official-capacity claims against the individual Albany County defendants, including those added in the amended complaint. The motion is otherwise denied.

## STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (internal quotation marks omitted)). To survive a dismissal motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although a court must accept as true all the factual allegations in the complaint, *id.*, that requirement does not apply to legal conclusions. *See Iqbal*, 556 U.S. at 678.

## DISCUSSION

**Plaintiff's Claim of Excessive Force Against Deputy Christopher B. Abrams**

Deputy Christopher B. Abrams argues that the claims against him for excessive use of

---

[1] The factual allegations in the amended complaint do not differ significantly from those in the initial complaint, except that the amended complaint includes the full names of some defendants and identifies certain "John Doe" defendants.

force must be dismissed for failure to state a claim. He relies on a DVD submitted on the motion as "Exhibit A," a copy of the ACCF surveillance video of the incident occurring outside the bullpen. Both the complaint and the amended complaint refer to this video. Deputy Abrams contends that the DVD establishes that the incident began when plaintiff shoved Deputy Abrams, who then responded by striking plaintiff. Deputy Abrams argues:

> Although Plaintiff still represents to the Court that he did not push Deputy Abrams prior to being struck, the video shows differently. The video captures Plaintiff thrust[ing] his arms forward into Deputy Abrams, which forces the Deputy backwards. With unsecured inmates at his back, the Deputy swiftly responds with a strike to Plaintiff's face. The case law establishes that Deputy Abrams applied reasonable force under the circumstances.

On review of the DVD, it appears that plaintiff initiated the physical contact by shoving Deputy Abrams. Dismissal of the excessive force claim against Deputy Abrams is not warranted, however; even if plaintiff initiated the incident, plaintiff's factual allegations support a claim that Deputy Abrams responded by applying excessive force during the incident. Dismissal on this ground is denied.

Moreover, Deputy Abrams is not entitled to qualified immunity at this point. Government officials performing discretionary functions enjoy a qualified immunity shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Accepted as true, plaintiff's factual allegations show that Deputy Abrams applied excessive force to plaintiff. Deputy Abrams could not reasonably have believed that the use of excessive force was consistent with plaintiff's rights. Accordingly, he is not entitled to dismissal on the ground of qualified immunity.

**Individual Capacity Claims against Albany County Sheriff Craig Apple and former ACCF**

**Superintendent Thomas Wigger**

Movants contend that plaintiff fails to state individual capacity claims against Albany County Sheriff Craig Apple and former ACCF Superintendent Thomas Wigger. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) (citation and internal quotation marks omitted). The Second Circuit explains:

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted); *accord Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Plaintiff argues in opposition to the motion that he has adequately alleged personal involvement of Sheriff Apple and former Superintendent Wigger by pleading that they learned of a violation and failed to remedy it; failed to act on information indicating that unconstitutional practices were occurring; were grossly negligent in supervising the subordinates who created the unconstitutional condition or event; and created or allowed to continue a policy or custom of unconstitutional practices. These claims are set forth in the fifth cause of action of the amended complaint. On reviewing plaintiff's factual allegations in the amended complaint, the Court finds enough to defeat Rule 12(b)(6) dismissal of the claims against these two defendants.

Plaintiff alleges that on August 16, 2012, while handcuffed, he was severely beaten

outside the bullpen, until he lost consciousness; that seven deputies and officers – Deputies Abrams, Jourdin, Jensen, and Collins, and Officers Corey, Kehn, and Galkiewicz – participated directly in the assault; that at least four corrections personnel - Officers Hall and Sheedy, Sergeant Crudo, and Lieutenant Fitch – observed the assault but failed to intervene; that when plaintiff regained consciousness, Lieutenant Wayne Bashford, Captain Harris, Sergeant Crudo, Nurse Moriarty, and Chief Mooney were standing over him; that Sergeant Crudo asked plaintiff if he was all right and Captain Harris stated, "Don't worry, we're going to get him for assault on an officer"; that when Nurse Moriarty asked plaintiff what happened, an officer told her "not to worry about it"; that Nurse Moriarty told plaintiff he would be brought to the facility medical department; that instead of taking him to the medical department, officers processed him for transport to Albany County Court for his court appearance; that although plaintiff had defecated on himself during the assault, Deputy Jourdin refused to allow him to change into clean clothing for his court appearance; that two deputies – Deputy Collins, who had participated in the assault by the bullpen, and Deputy Maurice McCormick, who had not – transported him to court; that Deputy Collins caused plaintiff, who was handcuffed and shackled, to fall from the transport van to the concrete several feet below; that when plaintiff fell, Deputy Collins told plaintiff that "if he wants to 'fuck with my officers' he was 'going to have a long fucking day'"; that while plaintiff was in the holding area of the court, Deputy Collins and two other deputies continued to harass him verbally; that while still in the holding area plaintiff was denied lunch, although the other inmates there were given lunch; and that during plaintiff's transport back to ACCF by Deputies Cross and Jourdin, Deputy Jourdin told him that "this is what happens when an inmate assaults an officer." Plaintiff further alleges that when he returned to ACCF, Lieutenant Cook and another

-6-

corrections officer told him he was going in the "box" for assaulting an officer; that plaintiff was then placed in the Special Housing Unit; that despite serious injuries he was not taken to sick call until August 18, 2012; and that he was not seen by a doctor until September 4, 2012.

These specific factual allegations regarding the involvement or failure to intervene of more than a dozen deputies and corrections officers, including ranking officers, in the August 16, 2014 events, which occurred over many hours in various locations and which were accompanied by repeated references to plaintiff's alleged assault on Deputy Abrams, in addition to the alleged denial of adequate medical care over a period of weeks, are enough to support the following inferences: that one or both of these defendants created or allowed the continuation of an informal policy or custom of participation in and toleration of excessive responses to an assault by an inmate; that the deputies and officers, who did not attempt to conceal their conduct, believed it was condoned by their superiors; and that deputies, officers, and their superiors had not been properly trained regarding the appropriate response to an assault by an inmate. *See generally Turpin v. Mailet*, 619 F.2d 196, 202 (2d Cir. 1980) ("[A] single, unusually brutal or egregious beating administered by a group of municipal employees may be sufficiently out of the ordinary to warrant an inference that it was attributable to inadequate training or supervision amounting to deliberate indifference or 'gross negligence' on the part of officials in charge."); *Castilla v. City of New York*, 2012 WL 3871517, \*4 (S.D.N.Y. Sept. 6, 2012) (denying dismissal of *Monell* claim where plaintiff "alleges a string of incidents in which she was repeatedly victimized by multiple officers in multiple locations, both on and off City property"); *Michael v. County of Nassau*, 2010 WL 3237143, \*4 (E.D.N.Y. Aug. 11, 2010) (denying dismissal of claim against County based on a policy or custom or failure to train where "[p]laintiff has not alleged one isolated incident of

-7-

police misconduct .... [rather, he] has alleged multiple incidents over a long, continuous time period.").[2] Plaintiff's factual allegations are sufficient to state a plausible claim for relief and to defeat the motion by Sheriff Apple and former Superintendent Wigger for Rule 12(b)(6) dismissal of the claims against them.

**Claims against Albany County Sheriff's Office**

Plaintiff does not oppose dismissal of the Albany County Sheriff's Office as a defendant on the ground that it has no separate legal identity from the County of Albany. Dismissal of all claims against Albany County Sheriff's Office is granted.

**Official Capacity Claims against Albany County Defendants**

Plaintiff does not oppose dismissal of the claims against the individual Albany County defendants in their official capacities. Although the motion was made prior to the filing of the amended complaint, and thus is directed solely to the individual Albany County defendants named in the initial complaint, the Court deems the motion to be directed to the individual Albany County defendants named in the amended complaint as well. Such claims are duplicative of plaintiff's claims against the County of Albany. Dismissal of all official capacity claims against all individual Albany County defendants is granted.[3]

## CONCLUSION

---

[2] The Court is aware that the cases cited concern claims of supervisory liability against municipalities under *Monell v. Department of Social Servs. of the City of New York*, 436 U.S. 658 (1978). To the extent that there are differences between supervisory liability of municipalities under *Monell* and of individuals under *Colon*, 58 F.3d at 873, *see G.B. ex rel. T.B. v. Carrion*, 486 Fed.Appx. 886, 888 (2d Cir. 2012) (referring to the "arguable" differences between the two frameworks), the factors considered by the courts in the cases cited are also relevant here.

[3] This decision has no effect on plaintiff's claims against the non-moving defendants Christine Moriarty, Patricia Fraser, S. Azaz Haider-Shah, Correctional Medical Care, Inc., and Carly Legace.

It is therefore

ORDERED that the motion (Dkt. No. 35) for partial dismissal by the Albany County defendants is granted in part and denied in part as follows:

- All claims against the Albany County Sheriff's Office are dismissed;

- All official-capacity claims against defendants Craig Apple, Thomas Wigger, Brian Mooney, Christopher B. Abrams, Jarrod M. Jourdin, Larry Jensen, Joshua W. Collins, Timothy Francis, Julie Hall, Matthew Corey, Timothy Kehn, Dennis Galkiewicz, James Sheedy, John Crudo, and William Fitch are dismissed;

- The individual-capacity claims against defendants Craig Apple, Thomas Wigger, Brian Mooney, Christopher B. Abrams, Jarrod M. Jourdin, Larry Jensen, Joshua W. Collins, Timothy Francis, Julie Hall, Matthew Corey, Timothy Kehn, Dennis Galkiewicz, James Sheedy, John Crudo, and William Fitch remain in the case; and

- Dismissal is otherwise denied.

IT IS SO ORDERED.

Date: September 24, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge